## GROSS's ESTATE.

Under a bequest to the children of testator's brothers and sisters, share and share alike to them severally, and their heirs and assigns for ever, such of the children take as were living at his death, to the exclusion of the representatives of children dying before the testator, but after the date of his will.

The act of 1844 does not extend to such a case, for the legacies never vested in the children dying before the testator.

FROM the Orphans' Court of Lancaster.

The question in this case turned on the following clause of the will of John Gross:—

"The rest, residue, and remainder of my estate, not herein particularly given, devised, and bequeathed, I do give, devise, and bequeath, first, to my sister Anna Maria, $200 as her share; and the residue which may be left, I give, devise, and bequeath unto

the *children* of my brothers (except George and Martin Gross) and sisters, and the *children* of the brothers and sisters of my first wife, formerly Elizabeth Ilich, deceased, share and share alike, to them severally and their heirs and assigns for ever."

At the death of the testator, there were living children of his brothers and sisters, and children of the brothers and sisters of his first wife. The balance in the hands of the executors was distributed among these persons. The children of Catherine Kinzer also claimed a share. She was the daughter of a sister of the testator, and had died before him, but after the date of the will. The child of John Weedman claimed a share, under the same circumstances. These claims were rejected, and this was assigned for error.

*Ellmaker*, for appellants.—By the bequest to the heirs, if anything is meant, it is, that the children of such of the legatees as died before the testator, should take: *antè*, 213; 6 W. 206; 2 R. 32. The act of 1844, § 2, prevents the lapse of these legacies.

*Amwake*, contrà.—Grandchildren cannot take under an immediate bequest to children as a class, as was the case here: 2 Wms. on Ex. 717, 22, 63; 2 Wh. 46; 5 Bin. 601. The word "heirs" is but a word of limitation, and not of succession: 2 Wms. on Ex. 727; Jarm. on Wills, 328, n. 1. The act of 1844 does not extend to a bequest to a class: 5 S. & R. 38.

*May* 23. ROGERS, J. (after stating the case.)—It is very clear from the terms of the will, that the objects of the testator's bounty were the *children* of his and his wife's brothers and sisters; and, inasmuch as the bequest is to them as a class, those only who are in being at the time of the testator's death can take. The leading principle, in relation to such a devise, is, that where a bequest is to children in a class, children in existence at the death of the testator are alone entitled, among which posthumous children are to be considered. And it will make no difference, that the bequest is to children begotten, or to be begotten: 2 Wms. on Ex. 727; 1 Bro. C. R. 532; Davidson *v.* Dallas, 14·Ves. 576; Scott *v.* Howard, 5 Mad. 332; Northey *v.* Burbage, Pre. Chancery, 470; Heath *v.* Heath, 2 Atk. 121; Isaacs *v.* Isaacs, Amb. 348. The same principle is also ruled in Pemberton *v.* Parke, 5 Bin. 607. Chief Justice Tilghman states the rule thus: Where a man devises a sum of money *generally*, to be equally divided among the children of A., those only who are in being at the death of the

testator shall take; the reason is, that it was the intent the lega-
cies should be vested at that time, and that the legatees should
then receive the money.   Mr. Justice Yeates says: "Where the
devise or gift to the children is general, and not limited to a
particular period, it is confined to the death of the testator."
This, then, being the general rule, is there anything to make this
case an exception?   It is contended there is, because the devise is
to the children, share and share alike, to them severally, and their
heirs and assigns for ever.   But it is difficult to distinguish this
case from the rule, as stated by Chief Justice Tilghman, in Pem-
berton v. Parke.   There it is to be equally divided among the
children: here it is to be divided among them share and share
alike—words conveying exactly the same meaning.   It is clear,
these words are not intended to designate the persons who are to
take, to control the general expressions, or to determine the time
when the legacies are to vest; but are designed to indicate the
manner they are to hold, viz., share and share alike, and the
quality of their respective interests in the legacies, viz., an absolute
estate.   There is, therefore, nothing in these words to exempt the
case from the operation of the general rule.   It is, however, insisted,
that the point is ruled in Sorver v. Berndt, ante, 213.   But that
case is clearly distinguishable from this.   Sorver v. Berndt
was decided on the peculiar wording of the will, indicating an
intent to give to the children first; but if they were dead, then, by
description, to the legal heirs, as descriptio personæ of those
entitled to take.   The words in the will were, "I give and bequeath
one-fifth part thereof to the children or legal heirs of my brother
David Sorver, in equal shares alike."   In this case is used the
copulative, there the disjunctive conjunction.   It was supposed the
legal heirs were intended in case of death, and that, therefore,
grandchildren came within the description, and were intended to
take.   Nor do we see anything in the operation of the act of the
6th of May, 1844, which interferes with this construction.   The act
was intended to prevent a vested legacy from lapsing by death,
which cannot apply here, as the legacies did not vest at all until the
death of the testator.

Decree affirmed.