Patrick Bradley's Estate.    Charles P. Bradley's Appeal.

*Will—Legacy to class—Act of April 8, 1833.*

Where a bequest is to " all " the grandchildren of testator, share and share alike, after a provision for a life estate, the grandchildren take a vested estate from the time of the death of the testator, subject to be opened to let in after-born grandchildren.

Where in such a case one of the grandchildren dies in testator's lifetime leaving a child, such child is entitled to the parent's share under the Act of April 8, 1833, P. L. 250.

Argued Jan. 23, 1895.    Appeal, No. 156, July T., 1894, by Charles P. Bradley, from decree of O. C. Phila. Co., April T.,

1881, No. 187, sustaining exceptions to adjudication. Before
STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and
FELL, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the following opinion, by FERGUSON, J.:

"The testator bequeathed to his executors $10,000 in trust
to pay the income to his daughter, Annie E. Deehan, free from
her debts and for her separate use for life, and he further pro-
vided that 'should the said Annie E. Deehan die leaving law-
ful issue surviving, then the said principal sum of $10,000
shall be divided, from and immediately after her decease, as
follows: $3,000 to such child or children or issue of deceased
child or children of the said Annie E. Deehan as shall survive
her, share and share alike. All the rest, residue and remainder
of the said principal sum of $10,000 shall be equally divided
among all my grandchildren, including the children of the said
Annie E. Deehan, share and share alike; should, however, the
said Annie E. Deehan die leaving no lawful issue surviving,
then and in such case the said principal sum of $10,000 shall,
from and immediately after the decease of the said Annie E.
Deehan, be equally divided among all my grandchildren, share
and share alike.'

"We fully agree with the auditing judge that the grand-
children took a vested estate from the time of the death of the
testator, subject to being opened to let in after-born grand-
children, and if this were the only question raised by the excep-
tions they might well be dismissed; but it appears that one of
the testator's grandchildren died in his lifetime, leaving a child,
and the question was raised whether this child took its parent's
share.

"After the death of the life tenant the bequest was to 'all'
the grandchildren.

"In Gross's Est., 10 Pa. 360, it was held that, under a be-
quest to children as a class, only those who are in being at the
time of testator's death can take, and this decision was fol-
lowed, apparently reluctantly, in Guenther's Ap., 4 W. N. 41,
where the Supreme Court say that Gross's Estate had been a
rule of property for so many years that they did not like to
disturb it, and that if it operated unjustly and disappointed

the intention of testator, the remedy must be found in the legislature. In Diemer's Est., 2 Dist. R. 543, and in other cases, the doctrine of Gross's Estate has been applied by this court, but it will be observed that in all these cases the bequest was to collaterals and not to lineals, to brother's or sister's children, and not to the children or grandchildren of the testator, and therefore the question was not considered or passed upon, whether the rights of lineals, notwithstanding the bequest may be to them as a class, are not preserved by the act of April 8, 1833. This act provides that ' no devise or legacy in favor of a child or other lineal descendant of any testator shall be deemed or held to lapse or become void by reason of the death of such devisee or legatee in the lifetime of the testator, if such devisee or legatee shall leave issue,' etc., but shall be good and available for the issue of such devisee or legatee. And the act of May 6, 1844, which extended the provisions of this act to brothers and sisters and their children, expressly provided that it was to apply only in cases where the testator left no lineal descendants. Thus is shown a clear intention to preserve the rights of lineal descendants to their ancestor's property, whether the bequest was to them as a class or by name. Why should there be a difference in the result because one testator gives his estate to be divided equally among all his children, and another gives it to them by name ; or why should a grandchild be excluded from participation in its grandfather's estate because its father happened to die in his grandfather's lifetime, while all the other grandchildren take their shares ? In a recent case in this court the testator left his whole estate to his wife for life, and after her death to be equally divided among his children. One of the children died in his lifetime and another during the life tenancy, both leaving children. If Gross's Estate is to be followed in a case like this, one set of grandchildren take their parent's share and the others take nothing, simply because their father happened to die a few months sooner than the father of their cousins. Such a result is manifestly unjust and inequitable, and while we must follow Gross's Estate in cases like it, we do not feel obliged to do so in cases from which it can be distinguished. The act of legislature before referred to provides that ' no ' devise or legacy to a lineal descendant in the case mentioned shall lapse, and makes no exception even where the gift is to a class.

"The case as presented to us does not appear to have ever been passed upon by the Supreme Court. It was fully considered by Judge GIBSON, of York county, in Shetter's Est., 2 Dist. R. 284, and in an able opinion he concludes that the doctrine laid down in Gross's Estate and Guenther's Appeal has no application in a devise or bequest 'in favor of a child or other lineal descendant,' a conclusion which ought to receive general approval.

"But it is to be observed in the present case that the gift is not simply to a class composed of grandchildren, but to 'all my grandchildren,' thus individualizing them quite as much as if each had been named, and taking the case altogether out of the principle of Gross's Estate.

"The exception to the decision of the auditing judge excluding Mary Ritchie from her mother's share is sustained; all others are dismissed."

*Errors assigned* were in sustaining exceptions to adjudication, quoting them.

*Pierce Archer*, for appellants, cited : Pemberton v. Parke, 5 Binney, 607; Cascaden's Est., 153 Pa. 170; Gross's Est., 10 Pa. 360; Herr's Est., 28 Pa. 467 ; Guenther's Ap., 4 W. N. 41 ; John's Est., 2 W. N. 632 ; Wigram on Wills, part 2, 288

*John T. Greene*, for appellees, cited : McClure's Ap., 72 Pa. 414 ; Thomman's Est., 161 Pa. 444; Buzby's Ap., 61 Pa. 116 ; Schouler on Wills, 2d ed., §§ 466, 480 ; Postlethwaite's Ap., 68 Pa. 480; Webb v. Hitching, 105 Pa. 95 ; France's Est., 75 Pa. 225; Rupp v. Eberly, 79 Pa. 144; Scott's Est., 163 Pa. 170 ; Hitchcock v. Hitchcock, 35 Pa. 399; Hoch's Est., 154 Pa. 417 ; Kennedy v. Kennedy, 159 Pa. 329; Neale's Ap., 104 Pa. 217 ; Fidelity Co.'s Ap., 108 Pa. 502; Christy v. Christy, 162 Pa. 485 ; Shearer v. Bishop, 4 Brown Ch. 58 ; Pemberton v. Parke, 5 Binn. 606 ; Crossly v. Clare, Ambler, 397 ; May's Ap., 41 Pa. 522; Potts's Ap., 30 Pa. 168; Man's Est., 160 Pa. 613; Sullivan v. Straus, 161 Pa. 150.

PER CURIAM, Feb. 4, 1895 :

An examination of this record has satisfied us that neither

·of the specifications of error should be sustained.  All that is necessary to be said in relation to the questions involved will be found in the clear and satisfactory opinion of the court below; and on it the decree is affirmed and appeal dismissed with costs to be paid by appellants.