# Martin Denlinger's Estate.   Mary C. Benham's Appeal.

*Will—Gift to a class.*

A bequest to a number of persons not named, but answering a general description, is a gift to them as a class; but this rule of construction is only intended to settle the testator's intentions, where they do not sufficiently appear in the will itself.   The rule is not to be followed if the will of the testator shows how he intended the class should be made up.

Testator provided in the same paragraph of his will that, after the death of his wife, his estate should be divided into two portions, one for his own relatives, who were " all the children of my brothers, Henry and David, share and share alike; and the other for his wife's relatives, who were " the children of the brothers and sisters of my wife," naming them, " and in case of the death of any of said children and legatees aforesaid, leaving issue, then said issue to take the share or part that the parent would have taken if living." *Held*, that the whole paragraph must be read together, which makes it clear that a grandniece of testator, being a child of a niece of testator who had died in testator's lifetime, was entitled to share in the distribution of the estate.

Argued May 21, 1895.   Appeal, No. 42, Jan. T., 1894, by Mary C. Benham, from decree of O. C. Lancaster Co., Jan. T., 1895, No. 255, overruling exceptions to auditor's report.   Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ.  Reversed.

Exceptions to auditor's report.

From the auditor's report it appeared that Martin Denlinger died on February 10, 1893, leaving a will by which he directed, inter alia, as follows:

"4th.  All the rest, residue and remainder of my estate Real, Personal and Mixed, I give and bequeath the interest and income thereof ' after the payment, of debts, Legacy, and incidental Expenses,' unto her my said wife Susan, for and during her life time, and after the death of my wife Susan, I do give and bequeath to the aforesaid Trustees of the Wesley M. E. Church at Strasburg another sum of Five hundred dollars, in Trust, and I direct that a part of the interest and income thereof, Shall be used to Keep my burial lot in the Presbyterian grave yard in Nice good Condition, and the remainder of the yearly income to be for the benefit of the Said M. E. Church for ever.

" 5th. After the payment of the Colateral inheritance Taxes and the other incidental Expenses, All the rest, residue and remainder of my Estate, I do order and direct Shall be divided into two Equal parts, or Shares, and out of the one of Said Shares or parts, I do give and bequeath to my brother David, the Sum of One thousand dollars, and the remainder of the Said Share or part, I do order and direct Shall be equally divided amongst all the Children of my brothers, Henry and David, Share and Share alike.

" And the other Share or one half part of my residuary Estate, I do order and direct Shall be Equally divided and distributed Share and Share alike, to and amongst the Children of the brothers and sisters of my wife Susan, Viz: Sarah Book, George Spiehlman, and Eliza Hildebrand, who are now deceased, and Henry Spiehlman, Maria Stoll, and Hetty Foulk, and in Case of the death of any of said Children and Legatees aforesaid leaving issue, then said issue to take the Share or part that the parent would have taken if living."

Before the auditor, A. J. Eberly, Esq., Mary C. Benham claimed to share in the distribution of the estate. The claimant was a daughter of Ann Githens, who was a daughter of Henry Denlinger, testator's brother. Both Henry Denlinger and Ann Githens died some years before the testator. The auditor held that the intent of the testator was to limit the distribution of his estate to his nephews and nieces only as a class ; that Mary C. Benham being a grandniece of the testator was not of the class among whom testator directed distribution ; was not therefore a legatee and not entitled to share in the distribution.

Exceptions by Mary C. Benham to the auditor's report were overruled and the report confirmed by the court.

*Error assigned* was confirming the report of the auditor.

*John A. Coyle,* for appellant, cited:   Act of May 6, 1844, sec. 2, P. L. 565 ; Gross's Est., 10 Pa. 360 ; Horwitz v. Norris, 60 Pa. 261 ; Patrick's Est., 162 Pa. 175 ; Faulstich's Est., 154 Pa. 188 ; Cowles v. Cowles, 53 Pa. 175 ; 1 Jarman on Wills, 465 ; Rupp v. Eberly, 79 Pa. 141 ; France's Est., 75 Pa. 220 ; Sorver v. Berndt, 10 Pa. 213 ; Bradley's Est., 166 Pa. 300 ; act of April 8, 1833, P. L. 250.

*George Nauman, J. W. Denlinger* with him, for appellee, cited: Minter's App., 40 Pa. 111; Hallowell v. Phipps, 2 Wh. 376; act of April 8, 1833, P. L. 250; Diemer's Est., 2 Dist. Rep. 543.

OPINION BY MR. JUSTICE WILLIAMS, July 18, 1895:

The general rule was correctly stated by the learned judge of the orphans' court. A bequest to a number of persons not named, but answering a general description, is a gift to them as a class. What persons constitute the class is to be ascertained when the time comes at which the gift takes effect: Gross's Estate, 10 Pa. 360; Hunt's Estate, 133 Pa. 260. Those persons only take in such case who are in being when the gift vests. But we have said on several occasions that this rule of construction is intended to settle the testator's intentions where they do not sufficiently appear in the will itself. It is not to be followed if the will of the testator shows how he intended the class should be made up. Sorver v. Berndt, 10 Pa. 213. In the search after the intention of the testator the first thing to be considered is the language he has selected to express his intention: Horwitz v. Norris, 60 Pa. 261. All his words are to be considered, and they are to be given their natural effect if this can be done without violating any rule of law. Our question is therefore whether the will of Martin Denlinger shows how the two classes of residuary legatees to whom he has given practically the whole of his estate are to be made up, or whether this is left to be settled by the application of the general rule referred to, and adopted by the court below? The scheme of the will is simple. The testator provides for his own burial. He gives to his wife the use of his dwelling house and furniture, and the income of his entire estate, real and personal, during her life. He then provides that upon her death his estate shall be divided into two equal parts, one for his own relatives and the other for the relatives of his wife. He describes the two classes in the same paragraph or item of his will, which is No. 5. His own relatives who are to take as residuary legatees are "all the children of my brothers, Henry and David, share and share alike." His wife's relatives are described as "the children of the brothers and sisters of my wife Susan, viz, Sarah Book, George Spiehlman and Eliza Hil-

debrand, who are now deceased, and Henry Spiehlman, Maria Stoll and Hetty Foulk. He then concludes item No. 5 with the explanatory words " and in case of the death of any of said children and legatees aforesaid leaving issue, then said issue to take the share or part that the parent would have taken if living." The intention of the testator is left in no doubt by his words. The class of residuary legatees who are to take by reason of their relationship to him is made up of " all the children of my brothers Henry and David," and to obviate all doubt about what is meant by the words " all the children " etc., he adds the final clause of item No. 5 expressly providing that if any of these children be dead " leaving issue, then said issue to take the share or part the parent would have taken if living." This as we have said is a very simple will. It is also a just will. The estate accumulated by joint labor and economy is in the name of the husband, but he recognizes his wife's agency in its accumulation. He is about to let go of it forever. He turns the use of it all over to his wife while she lives, and at her death provides for its division into two equal parts. One to descend to his heirs, the descendants of his brothers. The other to go to her heirs, the descendants of her brothers and sisters, and he provides for a distribution among these heirs at law of each, in accordance with the provisions of the intestate laws. Item No. 5 must be read together, and so read the meaning of the testator is so clear that the resort to any artificial rule to ascertain his intention is unnecessary. The contention of the appellant is well grounded. The decree appealed from is reversed and the record remitted that distribution may be made in accordance with this opinion.