## Todd's Estate.

*Wills—Construction—Vested and contingent gifts—Gift to a class.*
The rule is general that a bequest to a number of persons not named but answering a general description is a gift to them as a class; and the principle of interpretation in such a case is that only those members of the class participate in the estate who are living when the gift vests.

Testator having made specific devises to four nephews and nieces naming them, children of T., concluded his will as follows: "I will and bequeath that the balance of my property and estate remaining after the aforesaid devises and bequests are paid and satisfied, shall be divided equally between the children of my brother C. and J. and the children of my sister J., giving to each of said nephews and nieces (not hereinbefore mentioned in this will) share and share alike, in case of the death of any of said nephews and nieces without issue his or her share to be equally divided among the survivors." A son of the sister died in the lifetime of the testator, and before the date of his will, leaving to survive him one child, who also survived the testator. *Held*, that such child did not take under the residuary clause of the will.

The Act of July 12, 1897, P. L. 256, provided that where one is a member of a class named by the testator as objects of his benevolence, the legacy or devise shall not become void because of his death in the lifetime of the testator, but shall be good in favor of surviving issue of the dead legatee. The act does not apply, however, unless such

.deceased legatee was a member of a class at some time between the execution of the will and the death of the testator.

Prior to the act of July 12, 1897, the legal presumption was that where a member of a class died during the lifetime of the testator it was not the intention of the latter that the issue of the person so dying should take under the will. Under the act the presumption is that the testator intended that if a person actually within the class died leaving issue, such issue should take by substitution. The statute does not establish a new rule for the interpretation of wills nor designate as primary legatees persons not described as legatees by the testator, but entitles the issue of one who was within the class when the will was executed or afterwards, and died before the testator, to take by substitution.

Argued Nov. 22, 1906. Appeal, No. 213, Oct. T., 1906, by Preston Ayres, from decree of O. C. Chester Co., No. 6,825, dismissing exceptions to auditor's report in Estate of Roland Todd, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Exceptions to report of J. Frank Hause, Est., auditor.

The material portion of the will of Roland Todd was as follows :

" 3. I give and devise to my nephew Roland Todd, son of my brother John Todd, (deceased), for and during his natural life, my farm of eighty acres in Lincoln township, Wright county, Iowa, viz.: N. $\frac{1}{2}$ N. E. $\frac{1}{4}$ section ten (10) T. 91, N. R. 24, west of 5th P. M. At the death of said Roland Todd said land to descend and go to the children of said Roland Todd then living, share and share alike, in fee simple.

" 4. I give and devise to my nephew Robert Todd son of John Todd the forty acres of land lying south of the railroad in Lincoln township, Wright county, Iowa, being part of W. $\frac{1}{2}$, S. E. 4, sec. 3–91–24.

" 5. I give and devise to my nephew Harry Todd, son of John Todd, the forty acres (less right of way of Ry.) lying north of railroad in Lincoln township, Wright county, Iowa, being part of W. $\frac{1}{2}$ S. E. $\frac{1}{4}$, sec. 3–91–24.

" 6. I give and devise to my niece Anna Todd, daughter of John Todd, my house and two lots in the town of Clarion, Wright county, Iowa, known as

" 7. I give and devise to my beloved brother Robert Todd,

my house and lot No.    , Star street (lot 33, blk. 4, Martin &
Burns' add.), also my house No. 315 Appel street (on leased
ground) both in the city of Peoria, county of Peoria, state of
Illinois.

" Further, I give and bequeath to my said brother, Robert
Todd, the sum of $1,000.

" 8. I give and bequeath to my step brother Porter Todd, the
sum of $500, and to my step brother Albert Todd, the sum of
($10.00).

" 9. I give and bequeath to my sister Ellen Hieston the sum
of $3,000.    All said bequests to be liens on my real estate un-
til paid.

" 10. I will and bequeath that the balance of my property and
estate remaining after the aforesaid devises and bequests are
paid and satisfied, shall be divided equally between the chil-
dren of my brothers Charles Todd and James Todd and the
children of my sister Jane Ayres, giving to each of said
nephews and nieces (not hereinbefore mentioned in this will)
share and share alike, in case of the death of any of said
nephews and nieces without issue his or her share to be equally
divided among the survivors."

Jane Ayres had four children, Elizabeth T. Schofield, Annie
E. Auchenbach, Ellen King and Robert Ayres, the latter of
whom died before testator made his will, leaving to survive
him a son, Preston Ayres, who now seeks to recover the por-
tion of this estate which would have passed to his father,
Robert Ayres, had he survived the testator.

The auditor disallowed the claim of Preston Ayres.

The court dismissed the exceptions to auditor's report.

*Error assigned* was in dismissing exceptions to auditor's re-
port.

*James C. Sellers*, for appellant.—The manifest intention of
Roland Todd, the testator, was that the issue of deceased
children of his brothers and sister should take under the resid-
uary clause of his will: Denlinger's Estate, 170 Pa. 104; Ben-
ham's App., 12 Lanc. Law Rev. 345; Long v. Labor, 8 Pa.
229.

Under the Acts of May 6, 1844, P. L. 564, and July 12,

1897, P. L. 256, appellant is entitled to share in the distribution of the residue : Minter's App., 40 Pa. 111; Moses' Estate, 3 Pa. Superior Ct. 93; Harrison's Est., 18 Pa. Superior Ct. 588; Cooper's Estate, 13 Pa. Dist. Rep. 127; Scott's Est., 163 Pa. 165; Reynold's Est., 11 Pa. Dist. Rep. 387.

*C. Wesley Talbot*, with him *William M. Hayes*, for appellees. —The bequest in this case is to the nephews and nieces as a class, inasmuch as it is a bequest to a number of persons not named, but answering a general description. What persons constitute the class is to be ascertained when the time comes at which the gift takes effect: Hunt's Estate, 133 Pa. 260; Gross's Estate, 10 Pa. 360; Moses' Est., 3 Pa. Superior Ct. 93.

OPINION BY HENDERSON, J., February 25, 1907 :

The rule is general that a bequest to a number of persons not named but answering a general description is a gift to them as a class: Gross' Estate, 10 Pa. 360; Hunt's Estate, 133 Pa. 260; and the principle of interpretation in such a case is that only those members of the class participate in the estate who are living when the gift vests: Pemberton v. Parke, 5 Binney, 601; Gross' Estate, 10 Pa. 360. The question for our consideration is whether there is anything in the language of the will which exempts this case from the operation of the rule. The gift is to be " divided between the children of my brothers, Charles Todd and James Todd and the children of my sister Jane Ayres, giving to each of said nephews and nieces (not hereinbefore mentioned in this will) share and share alike, in case of the death of any of said nephews and nieces without issue his or her share is to be equally divided among the survivors." In the third, fourth, fifth and sixth paragraphs of the will the testator devised to three nephews and a niece respectively the real estate in the several paragraphs described. In the seventh, eighth and ninth paragraphs he made gifts to two brothers and a sister. The tenth paragraph is that out of which the present controversy arises. Taking all the provisions of the will into consideration the testator apparently used the word " children " in that paragraph in its literal and common acceptation. The devisees referred to in the third, fourth, fifth and sixth paragraphs were children of a brother of the testator

and, therefore, nephews and a niece.   They are the persons excepted from the operation of the tenth paragraph by the parenthetic clause, and the words " nephews and nieces " in the paragraph referred to not only describe the relationship existing to the children of his brothers and sisters, but the sense in which the words are used is further indicated by that clause.   He also had in mind the contingency that the nephews and nieces referred to might have children or that they might die without issue.   None of the provisions of the will give any indication that the testator intended to include in the description " children" persons having a more remote relationship to his brothers and sisters than children.   Such intention must clearly appear, and if it does not the word " children" is confined to its ordinary meaning : Hunt's Estate, 133 Pa. 260, 271.   At the time the testator made his will Robert Ayres, the father of the appellant, was dead.   Jane Ayres, the sister of the testator, had then three children living, all of whom survived the testator.   Robert Ayres was not a person in existence and capable of receiving a legacy when the testator died or when he made his will.   There were legatees living to whom the description in the will applied and there is no reason for extending the meaning of the word " children " beyond that which it usually has.   It was held in Gross' Estate, that in the case of a bequest to the children of the brothers and sisters of the testator and his wife there was a gift to a class and that, therefore, only those living at the time of the testator's death could take.   This rule was recognized in Ashburner's Appeal, 159 Pa. 545 ; and in Bradley's Appeal, 166 Pa. 300.   Where the term " children " is used and there are children who may take, grandchildren do not take unless the intention to produce that result is apparent in the language of the testator: Hallowell v. Phipps, 2 Whart. 376 ; Hunt's Estate, 133 Pa. 260 ; Moses' Estate, 3 Pa. Superior Ct. 93.   In the latter case the bequest was to the children of the testator's brothers and sisters, share and share alike to them severally and their heirs and assigns forever.   It was held that children living at the death of the testator took to the exclusion of the representatives of children dying before the testator but after the date of his will and that on the ground that no legacy vested.   The same conclusion was reached after a full discussion of the subject by Judge PORTER in Harrison's Estate,

18 Pa. Superior Ct. 588. The appellant contends that the provision of the clause under consideration that in case of the death of any of the said nephews and nieces without issue his or her share is to be equally divided between the survivors, shows his intention to give to grand nephews and nieces and that Denlinger's Estate, 170 Pa. 104, controls the interpretation in favor of the appellant. Denlinger's Estate was decided, however, on the ground that the devise was to all the children of the testator's brother and that there was a substitutionary provision in favor of the issue of the primary legatees in case of the death of any one of such legatees. This language was held to show an intention on the part of the testator to substitute the child of the legatee in the event of the latter's death. The distinction between the Denlinger will and the Todd will is that in the latter there is no substitutionary provision. The legacy by its terms was applicable to persons living and there are no words which justify the introduction of the issue of nephews and nieces not living at the time the testator made his will. It is undoubtedly true, as was held in Minter's Appeal, 40 Pa. 111, that a testator may make a disposition of his estate which will entitle the children of a deceased brother or sister to take the share bequeathed to such deceased brother or sister where the bequest is to individuals named. The act of May 6, 1844, saves such a legacy to the issue of the deceased legatee. The bequest was to the legatee by name, which fact distinguishes the case from the cases in which the gifts are to a class. This decision rested entirely, however, upon the statute, and the statute, as was shown in Gross' Estate, 10 Pa. 360, does not apply to the legacies to individuals composing a class. Nor does the Act of July 12, 1897, P. L. 256, aid the appellant. That act provides that where one is a member of a class named by the testator as objects of his benevolence the legacy or devise shall not become void because of his death in the lifetime of the testator, but shall be good in favor of surviving issue of the dead legatee. The act does not apply, however, unless such deceased legatee was a member of the class at some time between the execution of the will and the death of the testator: Harrison's Estate, 18 Pa. Superior Ct. 588. Prior to the act of 1897 the legal presumption was that where a member of a class died during the lifetime of the testator it was not the in-

tention of the latter that the issue of the person so dying should take under the will. Under the act the presumption is that the testator intended that if a person actually within the class died leaving issue, such issue should take by substitution. The statute does not establish a new rule for the interpretation of wills nor designate as primary legatees persons not described as legatees by the testator, but entitles the issue of one who was within the class when the will was executed or afterwards, and died before the testator, to take by substitution. Robert Ayres is not named or described as a legatee in the will, nor was he a member of the class to which the legacies were given at any time between the execution of the will and the death of the testator. The conditions were, therefore, lacking on which the act could operate in favor of the appellant.

The decree is affirmed.